STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2004 JUN -8 A 3: 33

MARION DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-03-457
DHM - KEN - 6/8/2004

STATE OF MAINE

v.

MICHAEL EVERHART,

Defendant

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

JUN 17 2004

This matter is before the court on defendant's motion to suppress all statements and/or confessions, written or verbal, obtained by law enforcement officials during an interview on February 26, 2003. At a hearing held January 5, 2004, Forest Crilly, Maine State Police Detective, testified as to the interview in question. A tape recording of the interview was admitted into evidence. The court has listened to the tape recording.

The defendant points out that the standard for consideration of whether a reasonable person in defendant's position could have believed he was in custody is *State v. Bridges*, 829 A.2d 247. The case outlines 10 factors to be considered under an analysis of the totality of the circumstances. A discussion of the factors will provide the court's conclusions of fact with respect to the incident in question.

On the 26th of February, Detective Crilly went to the parking lot of defendant's employer and invited the defendant to join him in the front seat of his cruiser. The detective told the defendant that he was free to leave at any time and, while he did not tell the defendant that the interview was being recorded, the tape machine was placed between the two front seats and the detective was satisfied that the defendant observed the detective press the button to start the tape. It is clear from the interview that the detective had interviewed the alleged victim and he made reference to that interview and implied the presence of some questionable conduct in his soliciting from defendant

Mr. Everhart's version of events. It is clear that the detective stated that he believed the alleged victim and was asking the defendant for his version of the events encouraging Mr. Everhart to explain things so that the detective could conclude it was consensual and not "a rape thing." The questions by the officer and the responses by the defendant were conversational and nonconfrontational and the defendant did, in fact, explain the circumstances of the events in question.

There is no question that the defendant was the focus of the officer's investigation and, while the defendant may not have been familiar with the surroundings of the front passenger seat of an unmarked police cruiser, it was in a parking area familiar to the defendant at his employment. There was only one police officer present and there was no physical restraint including no evidence that the doors of the cruiser were locked without ability to open them from the inside. The entire interview took less than an hour.

It is clear from all of the circumstances that the officer confronted the defendant with information of serious import with respect to the child victim, solicited the explanation by the defendant of his version of events and the defendant provided the explanation without little hesitancy and without displaying any indicia of intimidation or threat. From the outset, the defendant was advised that he was free to leave. At the conclusion of the interview, he did so.

The officer did not advise the defendant of his rights under the *Miranda* doctrine. The officer did encourage the defendant to convince him that the activity was consensual. At no time did the defendant unequivocally deny the activity nor change his tone to the officer. The defendant was not, in fact, in custody at the time of the interview.

Judging the circumstances by any objective standard, the court is satisfied that the statements made by the defendant in the interview in question were voluntarily made and not in violation of his constitutional right.

The entry will be:

> Defendant's motion to suppress evidence dated December 8, 2003, is DENIED.

Dated: June___7___, 2004

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
  vs
MICHAEL EVERHART
970 HIGH ST
WEST GARDINER ME 04345

DOB: 08/04/1972
Attorney: SARAH CHURCHILL
       STRIKE, GOODWIN & O'BRIEN
       400 ALLEN AVENUE
       PORTLAND ME 04103-3715
       RETAINED 07/16/2003

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2003-00457

**DOCKET RECORD**

State's Attorney: DAVID CROOK

Filing Document: INDICTMENT
Filing Date: 11/13/2003

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   **SEXUAL ABUSE OF MINOR**           **10/01/1999 WEST GARDINER**
    17-A   254(1)(A)      **Class C**

2   **SEXUAL ABUSE OF MINOR**           **10/01/2000 WEST GARDINER**
    17-A   254(1)(A)      **Class C**

## Docket Events:

11/13/2003 FILING DOCUMENT - INDICTMENT FILED ON 11/13/2003

       TRANSFER - BAIL AND PLEADING GRANTED ON 11/13/2003

       TRANSFER - BAIL AND PLEADING REQUESTED ON 11/13/2003

11/13/2003 Party(s): MICHAEL EVERHART
       ATTORNEY - RETAINED ENTERED ON 07/16/2003

       Attorney: SARAH CHURCHILL
11/14/2003 Charge(s): 1,2
       HEARING - ARRAIGNMENT SCHEDULED FOR 11/21/2003 @ 10:00

11/21/2003 Charge(s): 1,2
       HEARING - ARRAIGNMENT HELD ON 11/21/2003
       DONALD H MARDEN , JUSTICE
       Attorney: SARAH CHURCHILL
       DA: ALAN KELLEY      Reporter: TAMMY DROUIN
       Defendant Present in Court

       READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO
       DEFENDANT. 21 DAYS TO FILE MOTIONS
11/21/2003 Charge(s): 1,2
       PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 11/21/2003

11/21/2003 Charge(s): 1,2
       PLEA - NOT GUILTY ACCEPTED BY COURT ON 11/21/2003

11/21/2003 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 11/21/2003
          DONALD H MARDEN , JUSTICE
11/21/2003 BAIL BOND -  UNSECURED BAIL BOND COND RELEASE ISSUED ON 11/21/2003

12/09/2003 MOTION -  MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 12/09/2003

12/09/2003 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 01/05/2004 @ 9:00
          DONALD H MARDEN , JUSTICE
          NOTICE  TO PARTIES/COUNSEL
12/17/2003 TRANSFER -  BAIL AND PLEADING RECVD BY COURT ON 12/16/2003

          RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-03-1205
12/17/2003 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 12/16/2003

          Bail Amt:  $1,000
          Date Bailed: 05/28/2003

          ## Conditions of Bail:
          Have no contact with...

          1   LISA  MOORE
          2   CHIPMUNK  IN MONMOUTH
01/07/2004 HEARING -  MOTION TO SUPPRESS EVIDENCE HELD ON 01/05/2004
          DONALD H MARDEN , JUSTICE
          Attorney:  THOMAS GOODWIN
          DA:  ALAN KELLEY          Reporter: PENNY PHILBRICK-CARVER
          Defendant Present in Court
01/07/2004 MOTION -  MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 01/05/2004
          DONALD H MARDEN , JUSTICE
01/14/2004 OTHER FILING -  MEMORANDUM OF LAW FILED ON 01/14/2004

          IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS.
06/09/2004 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 06/07/2004
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
06/09/2004 ORDER -  COURT ORDER FILED ON 06/07/2004
          DONALD H MARDEN , JUSTICE
          ORDER ON MOTION TO SUPPRESS EVIDENCE

A TRUE COPY
ATTEST: _____
                    Clerk

Printed on: 06/09/2004